IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID CAMERON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-12-438-D |
| | ) |
| THE TRAVELERS HOME AND MARINE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have timely opposed the Motion, which is fully briefed and at issue.

Plaintiffs bring suit under Oklahoma law to recover damages for breach of contract and breach of the insurer's duty of good faith and fair dealing based on allegations that Defendant failed to compensate Plaintiffs fully for an insured loss covered by a homeowners insurance policy. Defendant timely removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Defendant has moved to dismiss the action due to the alleged failure of Plaintiffs' state-court petition to state a claim for relief under federal pleading standards. Plaintiffs contend their petition contains sufficient factual allegations to provide fair notice of their claims, as required by Fed. R. Civ. P. 8(a).

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679. Thus, for example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Robbins*, 519 F.3d at 1248. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## Plaintiffs' Allegations

Plaintiffs allege they purchased a homeowners insurance policy from Defendant to insure their residence in Oklahoma City, Oklahoma; the policy is identified by number. *See* Petition [Doc. No. 1-2], ¶ 2. The petition states that Plaintiffs suffered a property loss due to water damage to their home on September 14, 2011, and that the loss "in its entirety" is covered by the insurance policy. *Id*., ¶ 3. The petition further states that, despite the existence of coverage, Defendant has denied major portions of the claim and, as a result, Plaintiffs' home "cannot be repaired and restored to its previous condition." *Id*. Plaintiffs allege they have asked Defendant several times to evaluate their home but Defendant has, instead, denied their claims. Plaintiffs also allege they have been required to hire experts and attorneys to represent them in order to get their home repaired in accordance with the terms and conditions of their insurance policy with Defendant. Plaintiffs claim that Defendant's refusal to pay for damages covered by the insurance policy is a breach of contract and a failure to deal fairly and in good faith with its insureds. According to the petition, Defendant's denial of

Plaintiffs' insurance claim is wrongful and without cause, and Defendant has failed to make proper payment according to the policy's terms and conditions. Defendant's actions have allegedly caused Plaintiffs to suffer damages in excess of $75,000.

## Discussion

Defendant contends Plaintiffs' allegations are conclusory and provide insufficient facts to state a claim for either breach of contract or insurer's bad faith. The Court disagrees. Plaintiffs' claims are simple. To establish Defendant's breach of the insurance contract, Plaintiffs need only show that a contract existed, that they are entitled to payment (in this case, that a covered loss occurred), and that Defendant refused payment, thereby breaching its promise to pay sums due under the policy. *See Uptegraft v. Home Ins. Co.*, 662 P.2d 681, 684 (Okla. 1983). Plaintiffs have alleged sufficient facts to establish these elements.

Similarly, to establish a breach of Defendant's duty of good faith and fair dealing, Plaintiffs need only show that Defendant breached the insurance contract and, in so doing, acted in a manner constituting bad faith. *See Brown v. Patel*, 157 P.3d 117, 121 (Okla. 2007); *see also Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005). Although the sufficiency of Plaintiffs' pleading with regard to their tort claim presents a closer question, the Court finds that Defendant's alleged failure without cause to respond to Plaintiffs' requests to evaluate their home and to compensate them fairly for necessary repairs to which they were entitled to be paid under the terms of the policy, particularly where the loss occurred more than a year ago, may be enough, if proven, to establish a breach of Defendant's duty to deal fairly and in good faith with its insureds. Defendant argues that a tort theory of recovery requires more than an insured loss; it requires an additional injury apart from the payment due under the policy. *See Taylor v. State Farm Fire & Cas. Co.*, 981 P.2d 1253, 1258 (Okla. 1999). Assuming the correctness of this proposition, Plaintiffs have alleged that they

3

were required to hire experts to assist them due to Defendant's refusal to respond to Plaintiffs' requests to evaluate the water damage to their home. The Court understands these allegations to constitute a claim for additional damages, apart from a covered loss to which Plaintiffs were entitled to payment under the terms of the policy.

## Conclusion

Therefore, assessing Plaintiffs' pleading under the applicable Rule 12(b)(6) standard, the Court finds the pleading is sufficient to state both contractual and tort claims for relief, and dismissal is not warranted.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 4] is DENIED.

IT IS SO ORDERED this 23rd day of October, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE